IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| BRIAN SHINNEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 14-CV-3180 |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Tom Schanzle-Haskins (d/e 21) filed February 22, 2016.  Magistrate Judge Schanzle-Haskins recommends that this Court affirm the Commissioner of Social Security's final decision to deny Plaintiff Brian Shinneman's claim for social security disability benefits.  On March 3, 2016, Plaintiff filed his Objections to the Report and Recommendation of the Magistrate Judge (d/e 22).

Plaintiff's Objections are GRANTED IN PART.  The Court finds that the Administrative Law Judge (ALJ) improperly evaluated

Plaintiff's credibility.  Therefore, the Commissioner of Social Security's decision is REVERSED and the cause is REMANDED to the Commissioner pursuant to Sentence 4 of 42 U.S.C. § 405(g) for further consideration consistent with this Opinion.

## I. BACKGROUND

The Court adopts the "Statement of Facts" portion of the Report and Recommendation (pages 2 through 32).  To summarize, Plaintiff was born on January 10, 1963.  He graduated from high school and truck driver training school.  Plaintiff previously worked as a truck driver.

On March 29, 2011, Plaintiff filed an application for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income Disability Benefits (SSI).  Plaintiff alleged he became disabled on June 19, 2005 (Onset Date).  The last date on which Plaintiff was insured for DIB benefits was December 31, 2005 (Last Date Insured).  On November 13, 2012, ALJ Susan Sarsfield conducted an evidentiary hearing.  On December 7, 2012, the ALJ issued her decision.

At Steps 1 and 2 of the five-step analysis set forth in the Social Security Administration regulations, the ALJ found that Plaintiff

had not engaged in substantial gainful activity since the Onset Date of June 19, 2005, and he suffered from the severe impairments of cardiomyopathy, pulmonary hypertension, interstitial lung disease, diabetes, COPD, obesity, and degenerative joint disease. The ALJ determined, however, that Plaintiff's impairments or combination of impairments did not meet or equal any Listing (Step 3).

At Step 4, the ALJ determined that, since the Onset Date of June 19, 2005, Plaintiff had the residual functional capacity to perform sedentary work as defined in the regulations, except that he could occasionally climb ramps and stairs; occasionally stoop, kneel, crawl, balance, and crouch; never climb ladders, ropes, or scaffolds; and must avoid exposure to fumes, odors, dust, gases, poor ventilation, and temperature extremes. The ALJ found that Plaintiff's testimony and his mother's reports were not entirely credible as to the severity of Plaintiff's limitations due to his impairments.

The ALJ determined that Plaintiff could not return to his prior work as a truck driver. At Step 5, the ALJ concluded that Plaintiff should be considered a person closely approaching advanced age as of August 1, 2012 (5 months and 10 days before his 50th birthday).

The Medical-Vocational Guidelines Rule 201.14 established that a person of Plaintiff's age category (closely approaching advanced age as of August 1, 2012), education, work experience, and a residual functional capacity limiting him to sedentary work was disabled. Therefore, the ALJ found Plaintiff disabled for purposes of SSI after August 1, 2012.

The ALJ also found, however, that Plaintiff was not disabled for purposes of DIB because he was not disabled on or before his Date Last Insured of December 31, 2005. The ALJ further concluded that, prior to August 1, 2012, Plaintiff could perform a significant number of jobs in the national economy, including the polisher, circuit screener, and sealer jobs identified by the vocational expert.

Plaintiff appealed the ALJ's decision. On December 19, 2013, the Appeals Council denied Plaintiff's request for review. The decision of the ALJ then became the final decision of the Defendant Commissioner.

Plaintiff filed the instant action on June 16, 2014. On March 27, 2015, Defendant filed her Motion for Summary Affirmance of

the Commissioner's Decision (d/e 17).  On August 11, 2015, Plaintiff filed his Amended Motion for Summary Judgment (d/e 20).

On February 22, 2016, Magistrate Judge Schanzle-Haskins issued a Report and Recommendation (d/e 21) finding the ALJ's decision supported by substantial evidence.  Magistrate Judge Schanzle-Haskins determined that: substantial evidence supported the ALJ's finding that Plaintiff's condition did not meet or equal Listing 4.02; substantial evidence supported the ALJ's residual functional capacity determination; substantial evidence supported the ALJ's conclusion that Plaintiff was not disabled before August 12, 2012 but was thereafter disabled; that the ALJ adequately explained her reasons for rejecting Plaintiff's retained expert physician's opinion; and that the ALJ's credibility determination was supported by the record and, therefore, the Magistrate Judge would not review the credibility determination.  The Magistrate Judge recommended that this Court affirm the Commissioner's decision.

On March 3, 2016, Plaintiff filed his objections to the Report and Recommendation (d/e 22).  On March 15, 2016, Defendant filed her response (d/e 23).

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 72(b)(3), this Court determines "de novo any part of the magistrate judge's disposition that has been properly objected to." Although this Court does not need to conduct a new hearing on the entire matter, the Court must give "fresh consideration to those issues to which specific objections have been made." 12 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 3070.2 (2d ed. 1997); Wasserman v. Purdue Univ. ex rel. Jischke, 431 F. Supp. 2d 911, 914 (N.D. Ind. 2006).

If no objection is made, or if only a partial objection is made, the Court reviews the unobjected to portions for clear error. Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999). This Court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3).

In conducting this de novo review, the Court reviews the decision of the ALJ to determine whether the decision is supported by substantial evidence. Delgado v. Bowen, 782 F.2d 79, 82 (7th Cir. 1986). If the decision has such support, the Court may not

substitute its judgment for that of the ALJ. Id. "Substantial evidence is only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Nelson v. Apfel, 131 F.3d 1228, 1234 (7th Cir. 1997).

This Court will not review the credibility determinations of the ALJ unless the determinations lack any explanation or support in the record. Elder v. Astrue, 529 F.3d 408, 413-14 (7th Cir. 2008). The ALJ must articulate at least minimally her analysis of all relevant evidence, Herron v. Shalala, 19 F.3d 329, 333 (7th Cir. 1994), and "the [ALJ's] decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues," Lopez ex rel. Lopez v. Barnhart, 336 F.3d 535, 539 (7th Cir. 2003). Additionally, the ALJ must "build an accurate and logical bridge from the evidence to [her] conclusion." Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000).

### III. ANALYSIS

Plaintiff raises primarily three objections to the Report and Recommendation. First, Plaintiff argues that the ALJ erred in finding that Plaintiff did not suffer from an impairment that medically equaled Listing 4.02. Second, Plaintiff argues that the

ALJ erred in assessing Plaintiff's residual functional capacity. Finally, Plaintiff argues that the ALJ erred in assessing the credibility of Plaintiff's allegations. The Court addresses the credibility determination first.

An ALJ's credibility determination is entitled to "special deference." Schomas v. Colvin, 732 F.3d 702, 708 (7th Cir. 2013). The Court will reverse an ALJ's credibility finding only if it is patently wrong. Pepper v. Colvin, 712 F.3d 351, 367 (7th Cir. 2013) (also noting that the ALJ must adequately explain his credibility finding).

If the claimant's statements about his symptoms are not substantiated by objective medical evidence, the "adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record." Social Security Ruling (SSR) 96-7p (Policy Interpretation Ruling Title II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements); Villano v. Astrue, 556 F.3d 558, 562 (7th Cir. 2009) (noting that "the ALJ may not discredit a claimant's testimony about her pain and limitations solely because there is no evidence supporting it"); see also

Sienkiewicz v. Barnhart, 409 F.3d 798, 804 (7th Cir. 2005) (noting that while an "ALJ may not disregard an applicant's subjective complaints of pain simply because they are not fully supported by objective medical evidence . . . a discrepancy between the degree of pain claimed by the applicant and that suggested by medical records is probative of exaggeration"). The ALJ must consider the individual's daily activities; the location, duration, frequency, and intensity of the individual's pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication the individual takes for her pain or symptoms; treatment received for relief of the pain or other symptoms; and other measures the individual uses to relieve the pain or symptoms. SSR 96-7p.

In this case, Plaintiff testified that he was tired all of the time and had swollen feet. In addition, for the last six months prior to the hearing, he had been urinating every half hour due to taking a water pill. This resulted in him only getting four to five hours of sleep at night. Therefore, he napped every day. On two occasions, he spontaneously fell asleep and hit the floor. Plaintiff denied that

he could stay awake for six hours straight. See R. 58, 60, 62, 73, 76.

Plaintiff also testified that he has difficulty breathing when he walks or stands too long. He cannot stoop, crouch, or walk up and down stairs. R. 62, 66.

The ALJ found Plaintiff partially credible and added postural limitations to Plaintiff's residual functional capacity based on Plaintiff's complaints of pain and fatigue. R. 29. In making her credibility determination, the ALJ used the boilerplate language that the Seventh Circuit has frequently criticized. However, the ALJ also based the credibility determination on several factors, so reversal based solely on the use of the boilerplate language is not warranted. See Summers v. Colvin, No. 15-1819, 2016 WL 423711, at *2 (7th Cir. Feb. 4, 2016) (noting that use of the boilerplate language is harmless where the ALJ otherwise explains an adverse credibility finding).

Specifically, the ALJ reviewed the medical records. The ALJ noted that Plaintiff's impairments could produce a certain amount of pain and limitations but the record did not demonstrate that Plaintiff had the "significantly limited range of motion, muscle

spasms, muscle atrophy, motor weakness, sensation loss, difficulty ambulating, or reflex abnormalities which are associated with intense and disabling pain and limitations." R. 29.  The ALJ noted that none of the physical examinations reported such findings, and Plaintiff repeatedly denied shortness of breath or fatigue to his doctors.  Id.  The ALJ found that "[t]hese statements contrast with the current claim of ongoing, disabling symptoms since the alleged onset date."  Id.  In addition, the ALJ noted that "despite allegations of continual shortness of breath, physical examinations have consistently noted his lungs to be clear."  Id.

Finally, the ALJ found that Plaintiff had not received the type of medical treatment one would expect for an individual experience debilitating pain and limitations.  Id.  The ALJ noted "significant gaps" in Plaintiff's treatment, a pattern of noncompliance with physician recommendations, frequently running out of medication, failing to follow his diabetic diet, and failing to check his blood sugar regularly.  Id.  The ALJ interpreted this as evidence that Plaintiff's symptoms were not as severe as alleged.  Id.

The Court finds several aspects of the ALJ's credibility determination lacking.  Most notably, the ALJ based her credibility

determination, in part, on the gaps in Plaintiff's treatment, as well as Plaintiff's noncompliance with his physician's recommendations, frequently running out of medication, failing to follow his diabetic diet, and failing to check his blood sugar regularly.  However, an ALJ must inquire into the claimant's reasons for gaps in treatment and failing to take medications consistently before relying on the absence of medical treatment to support an adverse credibility finding.  Shauger v. Astrue, 675 F.3d 690, 696 (7th Cir. 2012); Perkins v. Astrue, 498 F. App'x 641, 644 (7th Cir. 2013).  Here, the ALJ never explored the reasons for Plaintiff's gaps in treatment or failure to follow his treatment plan.  This is particularly important because Plaintiff did not have insurance, he testified that he tried to see his doctors every three months if he had money, and that his doctors often withheld medication if Plaintiff did not see them. Perkins, 498 F. App'x at 644.

In addition, while the ALJ correctly noted that Plaintiff frequently denied to his doctors that he was experiencing shortness of breath, fatigue, and swelling of the feet, the ALJ failed to specifically mention the November 7, 2007 and February 26, 2009 medical records noting edema.  See R. 415 (patient concerns

included "+ edema"); R. 402 (noting pitting edema bilaterally on lower legs). And while the ALJ cites the August 18, 2010 medical record, the ALJ does not mention that the doctor noted that Plaintiff had "some shortness of breath with exertion, but this is nothing new." R. 392. An ALJ does not have to mention every piece of evidence in the record, but she cannot overlook evidence that conflicts with her ultimate conclusion. See Herron, 19 F. 3d at 333; Gomez v. Colvin, 73 F. Supp. 3d 921, 928 (N.D. Ill. 2014).

The Court is also concerned with the ALJ's notation that Plaintiff's complaints of shortness of breath are not credible because the physical examinations consistently noted that Plaintiff's lungs were clear. R. 29. The ALJ does not cite to any medical evidence that the existence of clear lungs rules out shortness of breath.

It is likely that any one of the stated errors by the ALJ would have, on its own, constituted harmless error. However, as a whole, the ALJ's failure to address these issues demonstrates that the ALJ failed to build a logical bridge between the evidence and the ALJ's conclusion.

As noted above, Plaintiff also objects to the ALJ's finding that Plaintiff did not suffer from an impairment that medically equaled Listing 4.02 and the ALJ's residual functional capacity assessment. Because reconsideration of Plaintiff's credibility assessment may affect the Step 3 (Listing) and Step 4 (residual functional capacity) determinations, the Court directs the ALJ on remand to reconsider those findings as well. The ALJ should also reconsider the credibility of Plaintiff's mother's statements in light of the ALJ's new credibility determination.

## IV. CONCLUSION

For the reasons stated, Plaintiff's Objections to the Report and Recommendation of the Magistrate Judge (d/e 22) is GRANTED IN PART. The Court ADOPTS IN PART and REJECTS IN PART Magistrate Judge Schanzle-Haskins Report and Recommendation (d/e 21). The Court ADOPTS the Magistrate Judge's "Statement of Facts" portion of the Report and Recommendation (pages 2 through 32). The Court REJECTS the remainder of the Magistrate Judge's Report and Recommendation. The Commissioner of Social Security's Motion for Summary Affirmance (d/e 17) is DENIED and Plaintiff's Amended Motion for Summary Judgment (d/e 20) is

GRANTED.  The Commissioner of Social Security's decision is REVERSED and the cause is REMANDED to the Commissioner pursuant to Sentence 4 of 42 U.S.C. § 405(g) for further consideration consistent with this Opinion.  THIS CASE IS CLOSED.

**ENTER: March 16, 2016**

**FOR THE COURT:**

<u>s/ Sue E. Myerscough</u>
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**